**UNITED STATES of America,**

v.

**Timothy KICKLIGHTER.**

**No. 1:01–CR–67.**

United States District Court,
E.D. Tennessee
at Chattanooga.

March 21, 2002.

Stephen M. Goldstein, Chattanooga, TN, for Defendant.

Steven S. Neff, U.S. Dept. of Justice, Office of U.S. Atty., Chattanooga, TN, for U.S.

### ORDER

COLLIER, District Judge.

Before the Court is the purely legal issue of whether the final clause of Count One of the indictment in this case properly alleges an offense as defined by Congress. Court One reads:

The Grand Jury charges that on or about April 13, 2001, in the Eastern District of Tennessee, the defendant, TIMOTHY KICKLIGHTER, by force and violence, and by intimidation, did *attempt* to take from the person and presence of another, money belonging to and in the custody and possession of the First Tennessee Bank, located at or near 1670 Spring Place Road, Cleveland, Tennessee, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, and the defendant, TIMOTHY KICKLIGHTER, did *attempt* to assault and put in jeopardy the life of a person by the use of a dangerous weapon; in violation of Title

18, United States Code, Sections 2113(a) and (d). (emphasis added)

(Court File No. 6). As charged the indictment alleges Defendant attempted to rob a bank and during the course of that attempt he also attempted to assault and put in jeopardy the life of a person by use of dangerous weapon. It is unquestioned that the charge would be proper had the Defendant been charged with the actual assault or the actual putting in jeopardy of a person's life during the course of an attempted bank robbery. But what we have here is one attempt interwoven in another attempt. Because of the unusual nature of alleging one attempt premised on another attempt, at Defendant's rearraignment hearing, the Court queried whether § 2113(d) authorized the second portion of the Count or whether it instead authorized only a charge of assaulting someone or putting someone's life in jeopardy during the commission or attempted commission of a bank robbery. The Court invited both parties to submit briefs on the issue to enlighten the Court. At the Court's request, the Government filed a memorandum addressing the issue (Court File No. 29). Defendant filed no memorandum.

## I. FACTS

In its memorandum the Government summarizes the facts it believes support the charge. The Defendant was arrested in the parking lot of the bank before he entered. Earlier a confidential informant had informed the Federal Bureau of Investigation ("FBI") Defendant planned to rob the bank on that day. The confidential informant, acting under directions from the FBI, surreptitiously recorded conversations with Defendant. In the conversations Defendant discussed his plans to commit an armed robbery. He stated if the police tried to stop him he would shoot them, as well as others in the bank, and there would be a lot of dead bodies. When he was arrested, Defendant was wearing a mask and head covering and was carrying a loaded .22 caliber semiautomatic pistol and an empty backpack.

## II. ANALYSIS

Section 2113(d) provides:

Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

"Section 2113(d) enhances the sentence for anyone who, in committing or attempting to commit bank robbery, 'puts in jeopardy the life of any person by the use of a dangerous weapon.'" *United States v. Perry*, 991 F.2d 304, 309 (6th Cir.1993).

To prove a violation of § 2113(d), the Government must show a defendant (1) created an apparently dangerous situation, (2) intended to intimidate his victim through more than the mere use of language, and (3) placed his victim in reasonable expectation of death or serious bodily injury. *United States v. Beasley*, 438 F.2d 1279, 1282–83 (6th Cir.1971). The Government must show the defendant actually used a dangerous weapon in placing his victim in jeopardy. *Perry*, 991 F.2d at 309 (interpreting § 2113(d) to require "something more than 'possession.'").

It is axiomatic that the power to create crimes lies exclusively with Congress. "No matter how outrageous a defendant's actions may be, he has to be charged with the appropriate offense created by federal law. Courts may not create or extend criminal law by using a common-law process of interpretation. If Congress has not been clear about the type of conduct that it wishes to criminalize, courts should not hold a defendant criminally liable by

creating a new federal crime." *United States v. Lanier,* 73 F.3d 1380, 1383 (6th Cir.1996) (en banc), *vacated on other grounds by,* 520 U.S. 259, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). Whether an act constitutes a federal criminal offense is determined solely by reference to the federal statute creating the crime. There is no federal criminal common law.

Congress has not seen fit to enact a general criminal attempt statute. "To attempt a federal crime is not, of itself, a federal crime. Attempt is only actionable when a specific federal criminal statute makes it impermissible to attempt to commit the crime." *United States v. Anderson,* 89 F.3d 1306, 1314 (6th Cir. 1996) (citing *United States v. Manley,* 632 F.2d 978, 987 (2d Cir.1980)). When a specific federal criminal statute makes it impermissible to attempt to commit a particular crime, "the government must demonstrate a defendant's intent to commit the proscribed criminal conduct together with the commission of an overt act that constitutes a substantial step towards commission of the proscribed criminal activity." *United States v. Bilderbeck,* 163 F.3d 971, 975 (6th Cir.1999).

The plain language of § 2113(d), as interpreted by *Beasley* and *Perry,* does not make it impermissible to *attempt to* assault and put in jeopardy the life of a person by use of a dangerous weapon. Congress decided not to include the word attempt in § 2113(d). The Court therefore concludes, as a legal matter, § 2113(d) does not support the second half of Count One, which charges Defendant with "attempt to" assault and put in jeopardy the life of a person by use of a dangerous weapon.

The Government brief ignores the critical fact that Congress failed to criminalize attempts in § 2113(d). It assumes that attempt is a criminal offense and they explains why its proof suffices to prove the offense. For that reason it misses the point of the Court's inquiry. What we are concerned with is whether Congress made attempts under § 2113(d) an offense, not whether the Government's proof is sufficient. Since the Court notes § 2113(d) clearly authorizes a charge of assaulting and putting in jeopardy the life of a person by use of a dangerous weapon, it goes without saying that perhaps the Government's proof would have been sufficient had that been the charge. But the Government did not charge Defendant with that offense. Instead it sought and obtained an indictment from the Grand Jury charging Defendant with attempt to violate § 2113(d).

Since the defendant was not charged with that offense but rather was charged with an offense Congress has not made a crime, the Court **HOLDS** the last clause of Count One fails to allege a criminal offense and the Court **REJECTS** Defendant's offer to plead guilty to that clause.

**SO ORDERED.**